IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LATASHA A. RAYFORD**,
as Guardian of Lavonte D. Rayford,

        **Plaintiff,**

v.

**CHESTER MENTAL HEALTH CENTER,**
*et al.*,

        **Defendants.**

Case No. 21-cv-00952-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court on two motions to quash improper service, one filed by Defendant Mueller and the other filed by Defendant Chester Mental Health Center. (Doc. 20, 25). Plaintiff did not file a response in opposition to either motion. For the following reasons, both motions are **GRANTED.**

    Federal Rule of Civil Procedure 4(e)(2) provides that an individual within a judicial district of the United States may be served by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. A state or a state created governmental organization must be served by delivering a copy of the summons and of the complaint to its chief executive officer. FED. R. CIV. P. 4(j)(2)(A).

    Alternatively, the Federal Rules of Civil Procedure also allow for individuals and state entities to be served process in accordance with state law. FED. R. CIV. P. 4(e)(1) and (j)(2)(B).

    Neither Defendant Mueller nor Defendant Chester Mental Health Center (CMHC) were

served in a manner prescribed by the Federal Rules of Civil Procedure or Illinois law. *See* 735 ILCS 5/2-203, 2-211. The process server gave the summons materials for both Defendants to Tim Koeneman, a transportation officer for Chester Mental Health. (Doc. 14, 16). Mueller then received the summons and the complaint, not from Tim Koeneman, but from Russell Thompson, another staff member of CMHC. (Doc. 20). CMHC claims that it has no record of receiving the summons materials at all. (Doc. 25). Plaintiff does not refute these claims or provide any reason why the Court should consider Tim Koeneman an appropriate individual for accepting service on behalf of Defendants.

Accordingly, the August 24, 2021 services of process were ineffective and are therefore **QUASHED.** (Doc. 14, 16). Defendant Mueller has executed a waiver of service (Doc. 21), and so her answer or other response is due by **October 25, 2021.** Likewise, Defendant CMHC has also executed a waiver of service but has filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. 26, 27). Plaintiff's response to the motion to dismiss is due by November 4, 2021.

As Defendants have executed waivers of service, no further Court action is required at this time.

**IT IS SO ORDERED.**

**DATED: October 22, 2021**

                                                *s/Stephen McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**