**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LATASHA A. RAYFORD,** *as Guardian of Lavonte D. Rayford, a Disabled Person,* | |
| **Plaintiff,** | **Case No. 21-cv-00952-SPM** |
| **v.** | |
| **CHESTER MENTAL HEALTH CENTER, SHERRI RIDER, CAILEE MUELLER, and KYLE HEINS,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This civil action was commenced by Plaintiff Latasha Rayford, as Guardian of Lavonte Rayford, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that prior to standing trial in McLean County, Illinois, pursuant to a court order, the Illinois Department of Human Services Division of Mental Health conducted an inpatient evaluation of Lavonte Rayford. It was determined that he was in need of mental services on an inpatient basis in a maximum security facility, and Rayford was taken to Chester Mental Health Center (CMHC) for treatment. While at CMHC, Rayford was subjected to excessive force incurring multiple injuries, and received inadequate medical care, including overmedication, in violation of his constitutional rights. Plaintiff seeks monetary damages.

This matter is before the Court on a motion to dismiss filed by Defendant CMHC for lack of jurisdiction. (Doc. 27). CMHC puts forth three arguments for why it should be dismissed from this suit. First, CMHC argues that dismissal is proper as it is not a "person" pursuant to Section 1983. Next, CMHC asserts that, as a state entity, the Eleventh Amendment bars Plaintiff's claims

for money damages. Finally, CMHC argues that it is not a suable entity, and therefore, the Court lacks personal jurisdiction. Plaintiff did not file a response in opposition to the motion to dismiss. For the following reasons, the motion is granted.

CMHC correctly states that it is not a "person" suable under Section 1983. "Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). Neither a state nor its agencies are "suable 'persons' within the meaning of section 1983." *Thomas v. Ill.,* 679 F. 3d 316, 613 (7th Cir. 2012). *See also Will v. Mich. Dep't of State Polic*e, 491 U.S. 58, 71 (1989); *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140 (7th Cir. 1999). Plaintiff does not assert any other jurisdictional bases for her claims against CMHC, and because this argument is dispositive, the Court need not consider CMHC's other arguments. *Mercado v. Dart,* 604 F. 3d 360, 361-62 (7th Cir. 2010) (the statutory rule that a state is not a "person" under Section 1983 "makes it unnecessary and inappropriate to consider what limits the eleventh amendment would create").

Accordingly, the motion to dismiss (Doc. 27) is **GRANTED,** and Chester Mental Health Center is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

**DATED:   November 8, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
