IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LATASHA A. RAYFORD, *as Guardian of Lavonte D. Rayford, a Disabled Person,*  Plaintiff,  v.  SHERRI RIDER, CAILEE MUELLER, and KYLE HEINS,  Defendants. | Case No. 21-CV-00952-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion to Dismiss for Failure to State a Claim filed by Defendant Cailee Mueller (Doc. 34). Mueller filed a memorandum in support of the motion (Doc. 35), Rayford responded to the motion (Doc. 39), and Mueller replied to the response in opposition (Doc. 45). For the reasons set forth below, the motion to dismiss is denied.

### BACKGROUND

Plaintiff Latasha Rayford commenced this action, as Guardian of Lavonte D. Rayford ("Rayford"), pursuant to 42 U.S.C. § 1983 for violations of Rayford's constitutional rights while at Chester Mental Health Center ("Chester"). (Doc. 1). Plaintiff alleges that Rayford was admitted to Chester on August 14, 2019. Upon his

arrival, Rayford was asked to remove his head covering,[1] and he refused. Staff then "forcibly assaulted, grabbed, choked," and threw Rayford to the bed. As a result, Rayford experienced extreme pain and injuries, including difficulty speaking and swallowing, pain in his neck, and his bottom lip shaking. The following day, on August 15, Rayford was placed on a soft diet due to difficulties with his throat. Plaintiff, as Rayford's guardian, was not notified of the incident. After learning that Rayford incurred injuries from being assaulted by staff, Plaintiff demanded that Rayford be seen by a specialist, and her requests were denied by the facility. Plaintiff and Rayford voiced complaints regarding Rayford's injuries for the duration of his time at Chester.

Plaintiff also claims that Rayford was overmedicated while at Chester. Upon his arrival at Chester, Plaintiff refused to sign the facility's consent for medication management. Rayford was prescribed: (1) Olanzapine, 15 mg at hour of sleep; (2) Divalproex, 1500 mg at hour of sleep; (3) Phenytoin (Dilantin), 300 mg in the morning and 100 mg at hour of sleep; and (4) Topamax, two 100 mg pills twice daily. Plaintiff states that these levels are higher than therapeutic levels. During his stay, Plaintiff and Rayford voiced complaints regarding improper administration of Rayford's medications. At no time were labs or blood work conducted.

Rayford was released from Chester on August 27, 2019. Following his release, it was determined that Rayford had an acute strain of the neck muscle, oropharyngeal

---

[1] Prior to the incidents alleged in this case, Plaintiff states that Rayford was in a car accident in 2004 sustaining severe burns to his entire body, including his head. Due to the major burns and required surgeries, large areas of Rayford's scalp are sensitive to light and easily injured. Rayford wears a covering on his head at all times to protect his scalp from further injuries and emotional well-being.

dysphagia, and trauma of the soft tissue of the neck. A laryngoscopy procedure revealed a hematoma on his vocal cord and significant glottic erythema. Additionally, it was discovered that Rayford had elevated Dilantin levels, and a neurologist determined that he developed Dilantin toxicity with tremors and shakes in his hands and body.

Plaintiff seeks monetary damages and is proceeding with a claim of willful and wanton conduct resulting in a lack of medical care against Rider and Mueller (Count I); an Eighth Amendment claim for deliberate indifference against Rider and Mueller (Count II); an Eighth Amendment claim for failure to intervene against Heins, Rider, and Mueller (Count III); and an Eighth Amendment claim for excessive force against Heins (Count IV). (Doc. 1).

### MOTION TO DISMISS

In the motion to dismiss, Defendant Mueller argues that Plaintiff's Complaint does not contain any specific factual allegations regarding her conduct. (Doc. 35). She points out that she is not even mentioned in the "Facts" section of the Complaint. The Complaint is devoid of information regarding how, when, or even if Mueller was involved in providing medical or mental health services to Rayford at Chester. The only detail regarding Mueller, is that she worked at Chester in an unspecified capacity. Mueller argues that Counts I, II, and III merely contain legal conclusions, and there are insufficient facts to support any of the claims against her or to raise a right to relief above a speculatory level.

Specifically, as to Count I, Mueller states that despite being sued individually as an employee of Chester, Plaintiff asserts that she is liable for willful and wanton conduct "by and through [her] agents and employees." Mueller argues that Count I should be dismissed because there are no allegations or legal theories in which a claim of *respondeat superior* against her is viable based on the information contained in this Complaint.

Mueller further contends that Plaintiff has failed to set forth a legal cause of action by citing to and relying on inapplicable legal authority in Count I. The Complaint asserts that Mueller acted with willful and wanton neglect by failing to provide Rayford reasonable medical care under the circumstances in violation of 730 ILCS 125/5 and 125/17. (Doc. 1, p. 8). Mueller argues that both state statutes apply to situations involving county jails, and have no bearing on Chester, a facility operated by the Illinois Department of Human Services, Division of Mental Health. For these additional reasons, Count I should be dismissed.

In response, Plaintiff argues that Mueller has implied a heavier burden at the pleading stage than what is required by the Federal Rules of Civil Procedure. (Doc. 39). Plaintiff points out that "a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Dix v. Edelman Fin. Serv., Inc.*, 987 F.3d 507, 512-13 (7th Cir. 2020) (quoting *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014)). Plaintiff states she has met this burden by alleging that Mueller had a duty to furnish necessary medical aid to Rayford, that she knew

or should have known that the changes to his medication dosages were above therapeutic levels, and failed to respond to the Plaintiff in any way after she was advised he was being overmedicated. Within the Complaint, Plaintiff further alleges that this failure to render necessary aid or to medicate Rayford well beyond therapeutic levels was willful and with deliberate indifference, and this provides sufficient notice of the Plaintiff's plausible claims against her, satisfying Plaintiff's obligation at the pleading stage.

## LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

## ANALYSIS

### I. Willful and Wanton Lack of Medical Attention (Count I)

Although not specified in the Complaint, the Court assumes that Plaintiff is asserting Count I pursuant to Illinois state law. The Supreme Court of Illinois has stated:

> There is no separate and independent tort of willful and wanton conduct. It is regarded as an aggravated form of negligence. To recover damages based upon a defendant's alleged negligence involving willful and wanton conduct, the plaintiff must allege and prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injury. The question of whether a duty exists is a question of law to be decided by the court.

*Krywin v. Chi. Transit Auth,* 938 N.E. 2d 440, 452 (Ill. 2010) (internal citations omitted). Although Count I is brought under state law, the Court still measures "the adequacy of the pleading against the standard set forth in Rule 8," as discussed above. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP,* 475 F. 3d 824, 838 (7th Cir. 2007).

Plaintiff has adequately stated a claim against Mueller for willful and wanton conduct. Plaintiff alleges that as an employee at Chester, Mueller "[h]ad a duty to maintain the plaintiff and to [f]urnish all necessary medical aid to the people in her department's custody. . ." (*Id.* at p. 7). She then breached that duty by (1) failing to respond in any way after being provided notice that Rayford was being overmedicated; and (2) by and through other employees, refusing Rayford medical treatment in an effort to punish him. Her failure to provide proper care and address the medication issue resulted in physical and financial injury. Rayford developed Dilantin toxicity due to over medication. These allegations go beyond mere recitation of the elements of willful and wanton conduct, and the Court deems them sufficient.

The Court will not dismiss Count I as to Mueller due to Plaintiff's incorrect citation to inapplicable statutes in support of her claim.[2] Neither will the Court dismiss Count I because Plaintiff failed to assert factual allegations or a legal theory

---

[2] As discussed above, Plaintiff asserts that Mueller, by and through her employees, acted with willful and wanton neglect by failing to provide reasonable medical care under the circumstances in violation of 730 ILCS 125/5 and 730 ILCS 125/17. (Doc. 1, p. 8). These sections of Illinois law fall under the County Jail Act. 730 ILCS 1250.01 *et seq*. Section 125/5 provides for what entity is responsible for the costs of maintaining a person incarcerated in a county jail. Section 125/17 states that the Sheriff ("warden of the jail") shall provide necessary medical aid for all prisoners and that a hospital or doctor may seek reimbursement from the county for medical services provided.

supporting a claim of *respondeat superior*, despite alleging that Mueller acted "by and through [her] agents and employees" in refusing medical care to Rayford. The Seventh Circuit has directed district courts to "ask whether relief is possible under any set of facts that could be established consistent with the allegations." *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005) (quoting *Bartholet v. Reishauer A.G.*, 953 F. 2d 1073, 1078 (7th Cir. 1992). The courts should not focus on "whether the complaint points to the appropriate statute." *Id*. Plaintiff has given fair notice to Mueller of the allegations against her, the legal theory and factual support will come later. *See Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) ("[t]he point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories").

## II. Eighth Amendment Claim of Deliberate Indifference (Count II)

When asserting a deliberate indifference claim, a plaintiff must put forward facts implicating both an objective and subjective element, "namely that: (1) an objectively serious medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." *Chapman v. Keltner,* 241 F.3d 842, 845 (7th Cir. 2001) (citing *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)). *See also Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

Taking the Complaint in its totality, Plaintiff has sufficiently stated an Eighth Amendment claim for deliberate indifference against Mueller. Plaintiff asserts that both she and Rayford complained to staff regarding over medication and untreated

throat and neck injuries but did not receive adequate medical care in response. Specifically, Mueller was advised Rayford was being dispensed too much medication but did not act and failed to provide Rayford reasonable care while he was at Chester from August 14 – August 27, 2019. Whether Plaintiff can present evidence that Mueller was in fact involved in Rayford's care and had actually knowledge of the risk to his health will be left to discovery and summary judgment. But for now, Plaintiff has provided enough information to put Mueller on notice of her claim.

### III. Eighth Amendment claim for failure to intervene (Count III)

To state a claim for failure to intervene, Plaintiff must allege that "a constitutional violation has been committed by a state actor; and the defendant had a realistic opportunity to intervene to prevent the harm from occurring." *Piercy v. Whiteside Cty., Ill.*, No. 14 CV 7398, 2016 WL 1719802, at *7 (N.D. Ill. 2016) (citing *Abdullahi v. City of Madison*, 423 F.3d 763, 744) (7th Cir. 2005) (internal markings omitted) (emphasis in original); *see also Yang v. Hardin*, 37 F.3d 282, 284-85 (7th Cir. 1994) (collecting cases).

Here, Plaintiff alleges that Rayford was subjected to excessive force, the underlying constitutional violation, and Mueller was present and observed the incident that occurred on August 14, but she took no action to prevent the physical abuse. Again, a more developed factual record might defeat this claim, however, at this juncture, the Court finds that claim is adequately pled.

## DISPOSITION

For the reasons stated above, the Motion to Dismiss (Doc. 34) filed by Defendant Mueller is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  September 14, 2022**

 *s/Stephen P. McGlynn*  
**STEPHEN P. MCGLYNN**  
**U.S. District Judge**
